CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 19 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CROSSROADS EQUITY PARTNERS, LLC, a Virginia Limited Liability Company, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 3:11CV00069 |
| v. ) ) | **MEMORANDUM OPINION** |
| DOGMATIC PRODUCTS, INC., et al., ) ) | By: Hon. Glen E. Conrad Chief United States District Judge |
| Defendants. ) | |

This case is presently before the court on the defendants' motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion will be denied.

## Background

Crossroads Equity Partners, LLC ("Crossroads") is a private equity investment firm based in Charlottesville, Virginia. Crossroads is owned and managed by its sole member, Charles Lunsford.

Dogmatic Products, Inc. ("Dogmatic") is a Massachusetts corporation based in New York. Dogmatic is engaged in the business of wholesale pet supplies. Dogmatic's president and chief executive officer is Reynolds E. Moulton, III. Mr. Moulton and his wife, Maura Woodward Moulton, reside in New York.

On December 13, 2010, Crossroads loaned Dogmatic $150,000.00. The loan is evidenced by a promissory note, and secured by an unconditional guaranty provided by Mr. and Mrs. Moulton, pursuant to which they jointly and severally guaranteed the full payment of the note and the timely performance of all of the borrower's obligations thereunder. The note required

Dogmatic to make quarterly interest payments beginning on March 31, 2011, and continuing until the note's maturity on June 30, 2012, at which time all principal, accrued interest, late fees, and past due charges would be due and payable.

On October 21, 2011, after Dogmatic failed to make quarterly interest payments as required under the note, Crossroads filed suit against Dogmatic and Mr. and Mrs. Moulton for breach of the note and guaranty. On November 17, 2011, Mr. Moulton filed a pro se answer and counterclaim on behalf of all three defendants. Because Mr. Moulton is not a licensed attorney, Crossroads moved to strike the answer and counterclaim, to the extent they were filed on behalf of Dogmatic and Mrs. Moulton. By order entered December 16, 2011, the court granted the motion to strike, and advised the defendants that Dogmatic's responsive pleading would have to be filed by counsel. See Pritchard v. Lubman, 20 F. App'x 133, 133-34 (4th Cir. 2001) (explaining that "a corporation must be represented by an attorney in federal court").

The defendants subsequently retained counsel to represent them in connection with the claims brought by Crossroads. On January 31, 2012, counsel filed an answer to the complaint on behalf Dogmatic and Mrs. Moulton. That same day, counsel moved for leave to file an amended answer on behalf of Mr. Moulton. The motion indicated that Mr. Moulton wished to remove his counterclaim and have his answer conform to the answer filed on behalf of his co-defendants. The court granted the motion, and Mr. Moulton filed his amended answer on February 10, 2012. He subsequently obtained leave to file a second amended answer, and the second amended answer was filed on February 29, 2012.

In their answers, the defendants admitted that Dogmatic had not made any quarterly interest payments as required by the note; that Crossroads had demanded payment of all sums

under the note and that Dogmatic had not paid such sums; and that a substantial sum was due under the note and guaranty.

Relying on the defendants' admissions and a declaration from Charles Lunsford, Crossroads moved for summary judgment on March 14, 2012. While the summary judgment motion was pending, the parties entered into settlement discussions, and Crossroads agreed to extend the deadline for the defendants' brief in opposition to April 12, 2012. By order entered April 2, 2012, the court granted the requested extension.

The parties' settlement negotiations ultimately failed. On April 26, 2012, having received no brief in opposition from the defendants and no further requests for an extension, Crossroads filed a request for entry of summary judgment in its favor. The court entered a final order granting Crossroads' motion for summary judgment on May 8, 2012.

Exactly one year later, the defendants, after retaining new counsel, filed the instant motion for relief from the final order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In the motion, the defendants claim that counsel failed to advise them that they could or should oppose the motion for summary judgment; that counsel unilaterally decided not to oppose the motion for summary judgment; and that counsel erred in failing to assert affirmative defenses and counterclaims.

The court held a hearing on the Rule 60(b) motion on November 4, 2013. By order entered November 6, 2013, the court gave the defendants ten days to submit affidavits or other evidence to support their motion. The defendants filed a sworn declaration from Mr. Moulton on November 11, 2013. Crossroads subsequently requested and obtained leave to depose Mr. and Mrs. Moulton. Following the conduct of Mr. Moulton's deposition, Crossroads filed a response

to his declaration on December 12, 2013.[1] The Rule 60(b) motion has been fully briefed and is ripe for review.

## Discussion

### I. Defendants' Motion for Relief from Judgment

Rule 60(b) of the Federal Rules of Civil Procedure permits parties to seek relief from a final judgment, order, or proceeding. The remedy provided by Rule 60(b) is "extraordinary." Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979). In order to obtain relief under this rule, "the moving part[ies] must demonstrate at least one of the six grounds for relief listed in Rule 60(b)."[2] Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010). In this case, the defendants contend that they are entitled to relief from the final order granting summary judgment under Rule 60(b)(1) and Rule 60(b)(6).

#### A. Rule 60(b)(1)

Rule 60(b)(1) authorizes relief from a final judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." In seeking relief under this subsection, the defendants argue that they mistakenly believed that their formal counsel "would protect their interests, and that he would not allow a $219,297.11 summary judgment to be entered against [them] unopposed." (Docket No. 50 at 4.) The defendants contend that their former counsel

---

[1] The record appears to indicate that the plaintiff elected not to depose Mrs. Moulton, who was unavailable on the date of her husband's deposition. Instead, the parties entered into a joint stipulation pursuant to which Mrs. Moulton agreed that she was bound by Mr. Moulton's deposition testimony, as well as the defendants' prior responses to the plaintiff's requests for admissions. Accordingly, the previously filed motion for extension of time to conduct Mrs. Moulton's deposition will be denied as moot.

[2] In addition, the moving parties must make a threshold showing that their motion was timely; that they had a meritorious defense or claim; that no unfair prejudice to the opposing party would result; and that exceptional circumstances warrant relief from the judgment. Dowell v. State Farm Fire & Casualty Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). The court need not address whether the movants satisfied these threshold requirements, however, if the court finds that the movants have not sufficiently satisfied one of the Rule 60(b) grounds for relief. Id.; see also Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010).

4

acted against their best interests by electing not to assert any affirmative defenses or counterclaims, and by "unilaterally" deciding not to oppose the plaintiff's motion for summary judgment. (Id. at 2.)

Having reviewed Mr. Moulton's declaration and the transcript of his subsequent deposition, the court concludes that the facts and circumstances of this case do not provide grounds for relief under Rule 60(b)(1). According to the declaration, the defendants' former counsel advised them not to assert any affirmative defenses or counterclaims, because he was of the opinion that "generic . . . answers . . . might help facilitate settlement." (Docket No. 59 at ¶ 9.) While Mr. Moulton disagreed, he admitted at his deposition that he "ultimately . . . decided to go along with [the attorney's] advice and withdraw [his] counterclaim and file an amended answer." (Docket No. 65-1 at 75.) Mr. Moulton's declaration also reveals that the defendants' former counsel deliberately elected not to file a response to the plaintiff's motion for summary judgment, because he was of the opinion that the defendants did "not have any legitimate basis to oppose the motion." (Docket No. 59 at ¶ 19.)

While the defendants may now be unhappy with the litigation decisions made by their formal counsel, such deliberate decisions cannot be deemed mistakes, surprises, or excusable neglect under Rule 60(b)(1). As the United States Court of Appeals for the Fourth Circuit previously explained:

> Rule 60(b) is intended to protect parties neither from their lawyers' own negligence, nor from the undesirable results that flow from a poorly chosen litigation strategy. This general principle is no less applicable to Rule 60(b)(1) than to the other provisions in 60(b). Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise, or excusable neglect necessary to justify Rule 60(b)(1) relief.

Am. Lifeguard Ass'n, Inc. v. Am. Red Cross, No. 92-2460, 1994 U.S. App. LEXIS 8430, at *7 (4th Cir. Apr. 22, 1994) (internal citations and quotation marks omitted).

Other circuits have likewise held that Rule 60(b)(1) is not intended to remedy the effects of counsel's deliberate litigation decisions. See, e.g., Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1101 (9th Cir. 2006) ("We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel."); McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002) ("[T]he uniform decisions of this and other circuits establish that [Rule 60(b)(1)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous."). This is true even if the moving parties "might have been less than fully informed, knowledgeable and active participants in the decisionmaking process." McCurry, 298 F.3d at 595. "As both the Supreme Court and [the Fourth Circuit] have consistently recognized, a party voluntarily chooses his attorney as his representative in the action, and, thus, he cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.'" Robinson, 599 F.3d at 409 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)); see also Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576-77 (4th Cir. 1973) (holding that an attorney's "deliberate decisions not to enter an appearance or file an answer enumerating his client's defenses cannot deemed excusable neglect under Rule 60(b)(1)," and emphasizing that "under our adversarial system of justice, the client must pay, at least initially, the penalty of his counsel's neglect").

Accordingly, the court concludes that the defendants are not entitled to relief under Rule 60(b)(1). Neither counsel's strategic decision to decline to assert any counterclaims or affirmative defenses, nor his calculated decision to refrain from opposing the plaintiff's motion for summary judgment, can be characterized as a mistake, inadvertence, or excusable neglect. See, e.g., Robinson, 599 F.3d at 413 (concluding that the appellant was not entitled to relief under Rule 60(b)(1), since his counsel's "calculated decision . . . to deliberately refrain from any attempt to ascertain whether summary judgment motions were filed on the date he knew they were due . . . [could] not be characterized as 'excusable neglect'").

### B. Rule 60(b)(6)

Rule 60(b)(6) authorizes the court to relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Although Rule 60(b)(6) is a 'catchall' provision, it has limited applicability." United Mktg. Solutions v. Fowler, 512 F. App'x 271, 275 (4th Cir. 2013). Rule 60(b)(6) "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11, 864 (1988)).

Upon review of the record and applicable case law, the court concludes that the defendants have failed to demonstrate extraordinary circumstances sufficient to justify relief under Rule 60(b)(6). It is well established that "strategic decisions made during the course of litigation provide no basis for relief under Rule 60(b)(6)," even if in hindsight they appear incorrect. Schwartz v. United States, 976 F.2d 213, 218 (4th Cir. 1992) (citing Ackermann v. United States, 340 U.S. 193 (1950)); see also Salazar v. District of Columbia, 633 F.3d 1110, 1120 (D.C. Cir. 2011) (emphasizing that "Rule 60(b)(6) should only be sparingly used and may not be employed

simply to rescue a litigant from strategic choices that later turned out to be improvident") (internal citations and quotation marks omitted). Here, it is undisputed that the defendants' former counsel made the strategic decision to refrain from asserting any affirmative defenses or counterclaims. Likewise, the attorney made the calculated decision to allow the plaintiff's motion for summary judgment to remain unopposed. While the results of these deliberate decisions may have proven undesirable to the defendants, counsel's actions do not justify relief under Rule 60(b)(6). See, e.g., McCurry, 298 F.3d at 596 ("[W]e have repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances. The grounds for relief identified in this case, involving straightforward claims of attorney error and strategic miscalculation, do not satisfy this rigorous standard."); Anderson v. Chevron Corp., 190 F.R.D. 5, 11 (D.D.C. 1999) ("Moving Plaintiffs ask for relief from voluntary decisions that Prior Counsel clearly made. This court finds that no extraordinary circumstances exist that would allow for relief under Rule 60(b)(6) because the decision of Prior Counsel to not file an opposition was clearly deliberate."). Accordingly, the defendants' motion for relief from judgment will be denied.

## II.     Plaintiff's Request for Attorney's Fees and Costs

Both of the plaintiff's briefs in opposition to the defendants' motion include a summary request for an award of attorney's fees and costs incurred in opposing the motion. The plaintiff's request will be denied without prejudice. If the plaintiff wishes to pursue its request for attorney's fees and costs, it must file a formal motion and supporting memorandum, along with sufficient evidence from which the court could determine a reasonable award.

## Conclusion

For the reasons stated, the defendants' motion for relief from judgment under Rule 60(b) will be denied, the plaintiff's request for attorney's fees will be denied without prejudice, and the

defendants' motion to extend the deadline for Mrs. Moulton's deposition will be denied as moot. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 19th day of February, 2014.

/s/ Glen Conrad
Chief United States District Judge